Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3572 | **DATE** | 6/29/2004 |
| **CASE TITLE** | Tempco Electric Heater Corporation vs. Temperature Engineering Company | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Tempco's request for the Court to reconsider its evidentiary rulings regarding Dean's and Smith's hearsay statements is denied. However, Tempco's Motion for Reconsideration of its grant of summary judgment with respect to Count IV is granted. The Court vacates and reverses its order of summary judgment on Count IV, and now denies summary judgment on that count.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 3 0 2004 | |
| | Notified counsel by telephone. | date docketed | 74 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | GNA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAP | courtroom deputy's initials | 2004 JUN 29 PM 4:30 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TEMPCO ELECTRIC HEATER
CORPORATION,

    Plaintiff,

v.

TEMPERATURE ENGINEERING
COMPANY, d/b/a PRIME
INDUSTRIES,

    Defendant.

Case No. 02 C 3572

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiff Tempco Electric Heater Corporation (hereinafter, "Tempco") brought suit against one of its former distributors, Temperature Engineering Company, d/b/a Prime Industries (hereinafter, "Prime"), alleging trademark infringement, various breaches of contract, and misappropriation of trade secrets. On May 27, 2004, this Court granted in part and denied in part Prime's Motion for Summary Judgment. See Tempco Elec. Heater Corp. v. Temperature Eng'g Co., 2004 U.S. Dist. LEXIS 10124 (N.D. Ill. 2004). Tempco now moves for the Court to reconsider two of its rulings in that summary judgment motion. Specifically, Tempco asks that the Court reverse its evidentiary ruling that excluded as inadmissable hearsay the statements of Daniel Dean ("Dean") and William Smith ("Smith"), and also asks the Court to reverse its grant of summary judgment on Count IV.

# I. DISCUSSION

## A. Hearsay Statements of Daniel Dean and William Smith

In its May 27, 2003 order, the Court denied Prime's Motion for Summary Judgment on Count I and Count II, which allege that Prime committed trademark infringement in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and also breached its Trademark License Agreement with Tempco. However, in so doing, the Court refused Tempco's request that it consider hearsay statements of Daniel Dean and William Smith as "present sense impressions" excepted from the usual hearsay rules. In so doing, the Court also ruled that Tempco could not admit these statements at trial to bolster its effort to prove Counts I and II to a jury. Tempco now asks that the Court reconsider this ruling.

### 1. Daniel Dean's Statement

In the deposition testimony of Richard Hudson ("Hudson"), Hudson claimed that Dean, a Prime customer, once expressed confusion regarding whether or not Prime manufactured the heaters it sold to him. According to Hudson's deposition testimony, the context of Dean's statement occurred "in Nashville it was - Daniel Dean made a comment when I was in the storeroom one time about, you know, what - what- am I getting, you know what - what is this, because it had the Prime name and number on it."

Tempco argues that the Court erred in excluding this statement, because it misapplied the proper legal standard for

admitting present sense impressions. Tempco contends that the Court only examined whether Dean's statement described an "event." In actuality, Tempco contends, the Court should have examined whether the statement described an "event or condition," Fed. R. Evid. 803(1). In so doing, Tempco effectively concedes that Dean was not describing an "event." However, Tempco contends that "Dean was describing the condition of certain heaters sitting in front of him." Pl. Br. p. 7 (emphasis in original). Consequently, these statements should have been admitted under the "condition" portion of the present sense impression.

The Court disagrees. Contrary to Tempco's claims, the Court properly found in its original opinion that Dean's statement "appears to lack an essential component of admissible testimony under the 803(1) exception: it fails to describe an "event or condition." Tempco, 2004 U.S. Dist. LEXIS 10124 at *11. Therefore, the Court found that Dean was describing neither an "event" nor a "condition." Indeed, in contrast to Tempco's characterization, Dean was not describing the "condition" of heaters sitting in front of him (indeed, from the deposition testimony, it is unclear whether heaters even were sitting in front of him, or if Dean inquired of Hudson impromptu). Rather, as the Court originally held, Dean was merely expressing his "perhaps long-held uncertainty as to whether or not Prime functioned as a manufacturer." Id. Tempco does not wish to admit Dean's statement

to establish the truth that the heaters in question contained Prime's name and number – Prime itself concedes and stipulates to that. Rather, Tempco admits that it desires to use this statement as evidence of Dean's possibly long-held state of mind in the "actual confusion" prong of the "likelihood of confusion" test – devoid of Dean actually experiencing any actual event or condition around the time of the statement. Ergo, the Court properly excluded Dean's statement.

2. William Smith's Statement

In deposition testimony, David Farmery ("Farmery"), a Tempco distributor, testified that Prime-customer Smith expressed confusion to him regarding whether or not Prime manufactured the heaters it sold him. Specifically, within the context of Farmery and Smith reviewing stock reports, Farmery claims that Smith told him that "at some point we thought Prime was a manufacturer for these items." Farmery also claimed that Smith told him about how "when he got products in, got paperwork in, it would say Prime Industries. . . . I figured they were the manufacturer."

In its October 27, 2003 order, the Court found that these statements could not qualify as "present sense impressions" – although they described an event or condition – because they described past events or conditions not remotely contemporaneous with Smith's purported statements. Accordingly, the Court excluded

the statements as "nothing more than a memory of a past sense impression." Id. at *12.

Tempco asks the Court to reconsider its ruling, reiterating its argument that the statements qualify as present sense impressions because they occurred during a stock review on a computer system. The Court rejects this argument, again, as it did the first time. The statements do not describe the stock review. Rather, the statements simply recount what Smith believed during previous events or conditions, such as receiving products into his plant. Indeed, the statements themselves record Smith as saying that "at some point we thought Prime was a manufacturer" implying that he was no longer confused regarding whether Prime was a manufacturer, and had not been for some time. Consequently, he was not expressing any "present sense impressions" of conducting the stock review.

### B. Count IV

In its May 27, 2004 order, the Court granted summary judgment to Prime on Tempco's Count IV, which alleged that Prime misappropriated Tempco's trades secrets. The order was twofold – barring Tempco from proceeding with trade secret claims arising both before and after Tempco terminated its License Software Agreement with Prime. The Court ruled as such based on its belief that Tempco had failed to establish the requisite issue of material fact necessary to withstand summary judgment.

Tempco's motion to reconsider concerns only the portion of the Court's opinion granting summary judgment on claims arising after the ending of the License Software Agreement. It does not contest the Court's ruling with respect to those claims stemming from Prime's conduct prior to the extinguishing of this agreement.

Tempco bases its motion for reconsideration on its contention that the Court misunderstood the testimony of Steven Shoemaker. In its original ruling, the Court acknowledged that Shoemaker's testimony established that Prime did retain at least one copy of Tempco's trade-secret computer program SA/2 - the copy existing on Shoemaker's own laptop computer. However, the Court found this fact non-material because Shoemaker himself denied having possessed a hardware access key, and denied using SA/2 after termination of the License Software Agreement. Accordingly, the Court reasoned, for Tempco to use Shoemaker's testimony to meet its burden of creating a material dispute regarding Prime's use of SA/2, it would have to convince a jury that Shoemaker volunteered the truth during one part of his testimony, and lied during another - despite having no personal interest to do so.

In its motion for reconsideration, Tempco contends that the Court misunderstood the importance of Shoemaker's testimony. Tempco claims that it never intended to infer that Shoemaker himself used SA/2. Rather, Tempco insists that Shoemaker's testimony has relevance because it establishes that Prime did not

remove all copies of SA/2 from its computers as it claimed it did. Additionally, Tempco argues that Shoemaker's testimony proves that Prime had installed SA/2 on laptop computers not present in its central facility. These computers, Tempco notes, were never inspected by PC AfterDark during its analysis of the computers found at Prime's offices – and, as such, could possibly remain on Prime's computers to this day.

In its original opinion, the Court found that Tempco could survive summary judgment if its circumstantial evidence would allow a "reasonable jury" to "possibly allow them to prevail." Id. at *26. Looking at Tempco's claims in a fresh light, the Court does concede it erred in granting summary judgment on Count IV. In the Court's original ruling it noted the web of circumstantial facts laid out by Tempco to attempt to surmount summary judgment on Count IV. Id. at *27-28. Combined with the Court's fresh look at the relevance of Shoemaker's testimony, the Court now believes that this web suffices under the Court's summary judgment standard to permit a reasonable jury to find that Prime committed trade secrets misappropriation. For this reason, the Court agrees that Tempco should at least have the opportunity to present its case at trial.

## II. **CONCLUSION**

For the reasons stated herein, Tempco's request for the Court to reconsider its evidentiary rulings regarding Dean's and Smith's hearsay statements is denied. However, Tempco's Motion for

Reconsideration of its grant of summary judgment with respect to Count IV is granted. The Court vacates and reverses its order of summary judgment on Count IV, and now denies summary judgment on that count.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: June 29, 2004